UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN JEROME HARRIS,<br><br>       Plaintiff,<br><br>    v.<br><br>DOOR DASH, INC.,<br><br>       Defendant. | Case No.  21-cv-09445-JSC<br><br>**SCREENING ORDER PURSUANT TO 28 U.S.C. § 1915**<br><br>Re: Dkt. No. 1 |

      The Court previously granted Plaintiff's Application to Proceed in Forma Pauperis.  (Dkt. No. 4.)  It must now review the complaint's allegations under 28 U.S.C. § 1915.  Because Plaintiff's claims do not comply with Federal Rule of Civil Procedure 8, the Court gives Plaintiff the opportunity to amend the complaint.

## COMPLAINT ALLEGATIONS

      Plaintiff is a resident of North Carolina who drove for Defendant between November 2020 and November 2021.  He alleges that he was sometimes paid as little as $2.50 per hour of work, in violation of his rights to minimum wage and overtime pay under the Fair Labor Standards Act ("FLSA").  He also alleges that Defendant did not pay his mileage expenses, gas expenses, or hazard pay.  After Plaintiff's vehicle blew a gasket, Defendant did not pay for repairs.  As a result of the financial stress, Plaintiff was forced to borrow money, lost his home, and slept in his vehicle for four months.  He suffered the death, by murder, of his grandfather and could not afford therapy to cope with the loss; he was not able to attend the funeral.

      Plaintiff brings a second claim under the False Claims Act.  He alleges that Defendant deactivated his account, despite his having completed 1,500 deliveries and earning a customer service rating of 4.82 out of 5.  He contacted Defendant by phone and through Defendant's text

United States District Court
Northern District of California

1    support system.  Defendant's representative "could not confirm the accuracy [of] their claim and

2    advised me to just be inconv[enienced] even more and wait for the result of a reactivation

3    request."  (Dkt. No. 1 at 6.)  Defendant claimed Plaintiff had worked only nine hours in a two-

4    month period, although Plaintiff had worked more than 100 hours.

5                                                    **LEGAL STANDARD**

6            A court must dismiss an *in forma pauperis* complaint before service of process if it is

7    frivolous, fails to state a claim, or contains a complete defense to the action on its face.  28 U.S.C.

8    § 1915(e)(2).  Section 1915(e)(2) parallels the language of Federal Rule of Civil Procedure

9    12(b)(6) regarding dismissals for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2); *see also*

10   *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000).  The complaint therefore must allege

11   facts that plausibly establish each defendant's liability.  *See Bell Atl. Corp. v. Twombly*, 550 U.S.

12   544, 555-57 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that

13   allows the court to draw the reasonable inference that the defendant is liable for the misconduct

14   alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

15           A complaint must also comply with Federal Rule of Civil Procedure 8, which requires the

16   complaint to contain "a short and plain statement of the claim showing that the pleader is entitled

17   to relief."  Fed. R. Civ. P. 8(a)(2); *see also Moss v. Infinity Ins. Co*., No. 15-CV-03456-JSC, 2015

18   WL 5360294, at *2 (N.D. Cal. Sept. 14, 2015).  "While the federal rules require brevity in

19   pleading, a complaint nevertheless must be sufficient to give the defendants 'fair notice' of the

20   claim and the 'grounds upon which it rests.'"  *Coleman v. Beard*, No. 14-CV-05508-YGR (PR),

21   2015 WL 395662, at *4 (N.D. Cal. Jan. 29, 2015) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93

22   (2007)).  A complaint that fails to state a defendant's specific acts "that violated the plaintiff's

23   rights fails to meet the notice requirements of Rule 8(a)."  *Medina Chiprez v. Becerra*, No. 20-CV-

24   00307-YGR (PR), 2020 WL 4284825, at *3 (N.D. Cal. July 27, 2020) (citing *Hutchinson v.

25   United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982)).

26           Plaintiff is proceeding without representation by a lawyer.  While the Court must construe

27   the complaint liberally, *see Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984), it may not add to

28   the factual allegations in the complaint, *see Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

United States District Court
Northern District of California

2

1   Litigants unrepresented by a lawyer remain bound by the Federal Rules and Local Rules of this

2   District.  *See* N.D. Cal. Civ. L.R. 3-9(a).

3                                          **DISCUSSION**

4          To state a claim for unpaid minimum wages under FLSA, a plaintiff must allege specific

5   facts supporting an inference that, in a given week, he was paid less than the minimum wage for

6   hours worked.  *See Landers v. Quality Comms., Inc.*, 771 F.3d 638, 645–46 (9th Cir. 2014).

7   Plaintiff's complaint alleges that he worked for Defendant between November 2020 and

8   November 2021 and sometimes was paid as low as $2.50 per hour for his hours worked.  These

9   allegations are insufficient without further detail, such as an allegation of Plaintiff's hours worked

10  in a particular week and corresponding payment or an "estimate[e] of [his] average workweek"

11  and "the average rate at which [he] was paid."  *Id.* at 645.

12         To state a claim for unpaid overtime wages under FLSA, a plaintiff must allege that he

13  "worked more than forty hours in a given workweek without being compensated for the hours

14  worked in excess of forty during that week."  *Id.*  Plaintiff's complaint falls short of this standard

15  because it does not allege facts "showing that there was a given week in which he was entitled to

16  but denied . . . overtime wages."  *Id.*  The complaint need not "allege with mathematical

17  precision[] the amount of overtime compensation owed by the employer," but it must "allege facts

18  demonstrating there was at least one workweek in which [plaintiff] worked in excess of forty

19  hours and [was] not paid overtime wages."  *Id.* at 646.  "[A] plaintiff may establish a plausible

20  claim by estimating the length of [his] average workweek during the applicable period and the

21  average rate at which [he] was paid, the amount of overtime wages [he] believes [he] is owed, or

22  any other facts that will permit the court to find plausibility."  *Id.* at 645.

23         The False Claims Act "makes liable anyone who 'knowingly makes, uses, or causes to be

24  made or used, a false record or statement to get a false or fraudulent claim paid or approved by the

25  Government.'"  *U.S. ex rel. Hendow v. Univ. of Phx.*, 461 F.3d 1166, 1168 (9th Cir. 2006)

26  (quoting 31 U.S.C. § 3729(a)(2)).  Plaintiff's complaint alleges that Defendant deactivated his

27  account, gave him the run-around when he tried to get the account reactivated, and falsely claimed

28  that he had worked fewer hours than he had.  Plaintiff's claim does not comply with Rule 8

United States District Court
Northern District of California

3

because it does not allege any connection to the government, whether "a false or fraudulent claim paid or approved." *Id.*

## CONCLUSION

For the reasons explained above, the complaint as pleaded does not comply with Rule 8. If Plaintiff believes he can cure the deficiencies, or at least some of the deficiencies, the Court has identified he may file an amended complaint on or before **February 21, 2022**. If he chooses to amend, Plaintiff should: set forth the complaint's allegations in separate numbered paragraphs; set forth each claim in a separate numbered paragraph; and identify each factual allegation that supports each claim for relief. Additionally, Plaintiff is informed that the Court cannot refer to prior pleadings in order to make an amended complaint complete. The amended complaint must be complete in itself because it replaces the previously filed complaints. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, Plaintiff is warned that failure to comply with the Federal Rules of Civil Procedure, the Local Rules, or any court order could result in a report and recommendation that his complaint be dismissed. Similarly, failure to file an amended complaint that cures the above-identified deficiencies could also lead to a report and recommendation that his complaint be dismissed.

The Court encourages Plaintiff to seek free assistance from the Northern District's Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, CA 94102. Plaintiff should make a telephone appointment by calling (415) 782-8982. The website for the Northern District of California also has information for litigants who are not represented by counsel.

**IT IS SO ORDERED.**

Dated: January 19, 2022

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

United States District Court
Northern District of California

4