Kevin Jerome Harris Jr.
45503 misty bluff dr, Charlotte, NC 28278
Telephone: (980)-579-6210
Email: Kharris1994@gmail.com

In The United States District Court For the Northern District of California
San Francisco Division

**Kevin Jerome Harris Jr.**

                              Case No.21-cv-09445-JSC

Plaintiff,

                                                  **First amended complaint for**

                                        **violations of 29 U.S.C 8 Fair**

                                                  **Standards Act of 1938 § 206,**

                                                                  **§211, §216b. , §219.**

**Doordash inc.**

Defendant,

Comes now, Kevin Jerome Harris Jr., the plaintiff alleges the following,

## The First Amended Complaint

1. Kevin Jerome Harris Jr., files the first amended complaint for damages against the defendant "DoorDash inc." amending it's complaint as a matter of right pursuant to federal rule of civil procedure 15(a)(1)(b) as follows,

2. On December 7th, 2021, The plaintiff Kevin Jerome Harris Jr, filed his initial complaint for the victimization of violations pertaining specifically to the Fair Labor Standards Act 29 U.S.C. § 216b, §211, §206, §219. On January 19th, 2022, the court granted the plaintiff permission to file the first amended complaint Ferdik v. Bonzelet 963 F.2.d1258, 1262 (9th civ. 1992). The following code violations are at issue which has victimized the plaintiff and has called for a plea of relief. 29 U.S. Code Chapter 8 Fair Labor Standards Act §206 Pertaining to minimum wage and lack payment thereof, §211 pertaining to the irresponsible, inaccurate, inconsistent and erroneous data collection. §216 pertaining to liability to provide workers with overtime and lack thereof, and hazard pay.

## Introduction

3. On the work week of august 30th through September 5th 2022, the plaintiff worked a total of 70.5 hours between three states which include Maine, New Jersey, and Connecticut. On the week of November 8th, 2021 through November 15th 2021 the plaintiff worked 60 hours in the state of Oregon and Washington State and never received any overtime a clear violation of 29 U.S.C §216 causing a butterfly effect that crippled the plaintiff's progress inhibiting the continuance of his livelihood and Progress.

4. On Sunday, October 3rd, 2021 the plaintiff was paid a mere $5.50/hr. This occurred in the state of Nebraska were the minimum wage is $9.00/hr

5. DoorDash has constantly pursued the denial of employment rights protected by the Fair labor standards act of 1938. The plaintiff is seeking equitable relief to honor the expenses of time lost, overtime missed, the expense to operate, hazard pay for driving and delivering orders through traffic and dangerous and intense weather conditions, and all damages that may have occurred from the lack of payment and so forth.

6. The Plaintiff worked as an employee or "dasher" from November 23rd of 2020 through November 29th of 2021 preforming a sum total of one thousand five hundred and twenty three deliveries, with a approval rating of 4.82 out of 5. During which The plaintiff averaged an estimated 45-50 hours a week. DoorDash has paid absolutely no overtime, hazard pay. workers compensation or benefits that affected the plaintiffs ability to survive, especially when taking into consideration the cost of operation. Not only that the Defendant used "sneaky methods" to find information out about the Plaintiff once he decided to file a complaint for relief which resulted in a deactivation and cease of work

7. DoorDash continues to enforce and refuse payment or offer the rights protected by employees under 29 U.S.C. §216,211.206. Even though it was potentially and knowingly continuing illegal practices. A California proposition called "proposition 22", app-based drivers as contractors and labor policies initiative that deemed app based drivers as private contractors was deemed unconstitutional forcing DoorDash to uphold a consistent wage in the state of California and adjust payment when there is lack thereof, However in other states from the first hand experience of the plaintiff, there is no reason to believe that DoorDash ceased or would not resume such actions.

8. The Plaintiff, Kevin Jerome Harris Jr. has worked as a "dasher" for the defendant company "DoorDash Inc." in 13 different states these include: New Jersey, North Carolina, Georgia, South Carolina, Idaho, Washington-State, Oregon, California, Maine, Vermont, Connecticut, Iowa and Nebraska. None of which did DoorDash honor the state regulations put forth by the states, or regulations or labor laws which protect employees under the Fair labor standards act of 1938.

9. During the week of August 31st, 2021 through September 5th, 2021, the week in which the Plaintiff worked 70.5 hours the plaintiff makes a plea for hazard pay in addition to missed wages. On August 31st from 7am to 7am on September 2nd the plaintiff worked in an area that received unprecedented rainfall and flooding. This left many vehicles abandoned in the streets as it was impossible to progress through roads. Winds were recorded at 45mph and a rainfall was recorded at 9.20" in Flemington/Clinton township making deliveries nearly impossible and left some with the face of loss of life. The plaintiff spoke to a representative about the situation. whilst all this was all occurring and was ordered to deliver a "Buffalo Wild Wings". "Doordash" advised the plaintiff to try and make the delivery and if the plaintiff could not complete the order then they would cancel the order. Yet orders were still sent out afterwards. This is second to a snow storm in Omaha, Nebraska on January 24th that left the plaintiff stranded in the dead of winter trying to power his 2015 Hyundai 3.8 r-spec genesis up an incline of snow after a delivery. The ending result left the plaintiff with a burned clutch pedal that cost a repair of exactly $2611.85.

10. On September 3rd, 2022 the plaintiff was given considerable evidence of unfair business practices due to a supposed "glitch" in the application part of the Defendant's system. The plaintiff could see that it was plausible this glitch was sent in order to thwart the progress of certain dashers by inhibiting the ability to reach the top dasher status which opens the ability to work anywhere at any time therefore working as many hours as needed. The Plaintiff reached out to there managerial support about the issue, The Plaintiff was told he was put on a list for a solution, but the issue was never corrected.

11. On January 4th, 2021 on the record of recorded time and there are 11 orders recorded that were claimed as paid out to but never performed in fact the plaintiff has proof he was in another state at the time of the orders, giving the plaintiff reason to suspect foul play. There are many inconsistencies like this in the provided recorded data of work named "dasher delivery information".

12. As a result of all of these events the Plaintiff lost two vehicles to vehicle entropy. One

2015 Hyundai spec Genesis and one 2017 Toyota Prius 2/ Two financials, one he could barely attend do to repairs and one that he could not attend because he could not afford from the work induced poverty and perceivable wage slavery. Irreparable damage to the plaintiffs psych due to the intense struggle of survival. Loss of livelihood ability to continue his pursuit of happiness and progression. Loss of wages from the cost of operation and ever growing price of gasoline. Forced the Plaintiff to live in his vehicle for months due to missed wages, then forcing the plaintiff to be utterly and completely homeless because of missed wages. All of these events are the result of clear violations of the Fair Standards Act.

### Plaintiff

13. Kevin Jerome Harris Jr,

### Defendant

14. DoorDash Inc.

### Jurisdiction and venue

15. This complaint alleges violations of the 29 U.S. code Chapter 8 Fair Labor standards act of 1938.

16. Venue is proper under this district under 29 U.S. code Chapter 8 because DoorDash transacts business, commuted an illegal and tortious act, and is found in this district within the meaning and scope of 29 U.S.C, 203, 15 U.S.C. 22 cal bus 2 Prof Code 1672 and 28 U.S.C. 1391(b) and (d).

17. The activities of DoorDash as described herein, were within the flow of, were intended to and did have a substantial effect on the Plaintiff, as well as his life liberty and the pursuit of happiness.

## Violations Alleged

18. DoorDash is responsible as a business to uphold the law in which the courts have found that proposition 22", a(an) app-based drivers as contractors and labor policies initiative that deemed app based drivers as private contractors was deemed unlawful and unconstitutional.

19. The continuous practice of unlawful and unconstitutional business practice constitutes the call for the alleged violations to hold the defendant "Doordash inc." accountable for the alleged violations specifically to the Fair Labor Standards Act 29 U.S.C. § 216b,

    §211, §206, §219.

20. The following code violations are at issue which has victimized the plaintiff and has called for a plea of relief. 29 U.S. Code Chapter 8 Fair Labor Standards Act §206 Pertaining to minimum wage and lack payment thereof, §211 pertaining to the irresponsible, inconsistent and inaccurate and erroneous data collection. §216 pertaining to liability to provide workers with overtime and lack thereof, and hazard pay.

## A Prayer for Relief

21. The plaintiff be awarded restitution, including profits obtained by defendants as a result of unfair business practices and unconstitutional and maximum civil penalties be allowed from the results of the events from the alleged violations.

22. That plaintiff be awarded the deadweight loss, (the general damage to the plaintiff resulting from defendants unlawful and unconstitutional business practices). A settlement of $280,000, or that of a judgement as the court may deem just and proper to redress and prevent reoccurrence of alleged violations of equal value pertaining to the amount of loss suffered from the violations alleged and suffering caused from such violations.

23. A hope that DoorDash and app based ride-share/delivery services will heed to the warning of the complainant. To understand the time and resources are valuable. To treat such a human being as if everything they are as expendable and replaceable is our slippery slope into the descent of the health of our nation. To ignore the warning signs and the truth here is to ignore the truth of a future that exists. May God Help Us All.

# JURY TRIAL DEMAND

Pursuant to rule 38(b) of the rule of federal rules of civil procedure, Plaintiff demands a trial by jury for all issues so triable.

Dated: February 18, 2021

                                               Respectfully submitted,
                                               Kevin Jerome Harris Jr.