UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN JEROME HARRIS,<br><br>   Plaintiff,<br><br>   v.<br><br>DOOR DASH, INC.,<br><br>   Defendant. | Case No. 21-cv-09445-JSC<br><br>**SCREENING ORDER PURSUANT TO 28 U.S.C. § 1915**<br><br>Re: Dkt. No. 7 |

Upon review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915, the Court determined that it did not contain a short and plain statement of the claim and the grounds upon which it rests, as required by Federal Rule of Civil Procedure 8. (Dkt. Nos. 1, 6.) The Court gave Plaintiff the opportunity to amend the complaint, and now reviews the amended complaint pursuant to 28 U.S.C. § 1915. (Dkt. No. 7.)

**COMPLAINT ALLEGATIONS**

Plaintiff brings claims for violations of his rights to minimum wage and overtime pay under the Fair Labor Standards Act ("FLSA"). Plaintiff worked as a "dasher" for Defendant between November 2020 and November 2021. (*Id.* ¶¶ 6, 8.) He worked in 13 states. Over that time, Plaintiff performed 1,523 deliveries for Defendant. He worked 45-50 hours in the average week, and was never paid overtime pay. During the week of August 30 to September 5, 2021,[1] Plaintiff worked 70.5 hours between the states of Connecticut, Maine, and New Jersey. On October 3, 2021, Plaintiff was paid $5.50 per hour worked, in Nebraska. During the week of November 8 to 15, 2021, Plaintiff worked 60 hours between the states of Oregon and Washington.

---

[1] The amended complaint says August 30 to September 5, 2022. As that date has not yet passed, and given the context, the Court assumes this refers to 2021.

1    Defendant used unfair tactics on its app that had the effect of preventing dashers from
2    reaching "top dasher status," which allowed for more flexible work. (*Id.* ¶¶ 10, 11.) Additionally,
3    Plaintiff worked in hazardous situations. On January 24, 2021, in Nebraska, Plaintiff made a
4    delivery and then got stranded in a snowstorm. As a result, his car had a burned clutch pedal that
5    cost him $2,611.85 to repair. On September 2, 2021, in New Jersey, Defendant directed Plaintiff
6    to make a delivery despite unprecedented rainfall and flooding that made it impossible to drive.
7    As a result of using his car to make deliveries, Plaintiff lost two vehicles to damages that he could
8    not afford to repair. Because Defendant underpaid him, Plaintiff suffered financially and became
9    homeless.

## LEGAL STANDARD

A court must dismiss an *in forma pauperis* complaint before service of process if it is frivolous, fails to state a claim, or contains a complete defense to the action on its face. 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) parallels the language of Federal Rule of Civil Procedure 12(b)(6) regarding dismissals for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000). The complaint therefore must allege facts that plausibly establish each defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint must also comply with Federal Rule of Civil Procedure 8, which requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Moss v. Infinity Ins. Co.*, No. 15-CV-03456-JSC, 2015 WL 5360294, at *2 (N.D. Cal. Sept. 14, 2015). "While the federal rules require brevity in pleading, a complaint nevertheless must be sufficient to give the defendants 'fair notice' of the claim and the 'grounds upon which it rests.'" *Coleman v. Beard*, No. 14-CV-05508-YGR (PR), 2015 WL 395662, at *4 (N.D. Cal. Jan. 29, 2015) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). A complaint that fails to state a defendant's specific acts "that violated the plaintiff's rights fails to meet the notice requirements of Rule 8(a)." *Medina Chiprez v. Becerra*, No. 20-CV-

2

00307-YGR (PR), 2020 WL 4284825, at *3 (N.D. Cal. July 27, 2020) (citing *Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982)).

Plaintiff is proceeding without representation by a lawyer. While the Court must construe the complaint liberally, *see Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984), it may not add to the factual allegations in the complaint, *see Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Litigants unrepresented by a lawyer remain bound by the Federal Rules and Local Rules of this District. *See* N.D. Cal. Civ. L.R. 3-9(a).

## DISCUSSION

To state a claim for unpaid minimum wages under FLSA, a plaintiff must allege specific facts supporting an inference that, in a given week, he was paid less than the minimum wage for hours worked. *See Landers v. Quality Comms., Inc.*, 771 F.3d 638, 645–46 (9th Cir. 2014). Plaintiff's amended complaint alleges that on October 3, 2021, Plaintiff was paid $5.50 per hour worked. Thus, the minimum wage claim is sufficient under Section 1915 review.

To state a claim for unpaid overtime wages under FLSA, a plaintiff must allege that he "worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty during that week." *Id.* at 645. Plaintiff's amended complaint alleges that he worked 45-50 hours in the average week; worked 70.5 hours in the week of August 30 to September 5, 2021; and worked 60 hours in the week of November 8 to 15, 2021. The amended complaint also alleges that Plaintiff was never paid overtime pay. This claim falls short because, although it alleges how many hours Plaintiff worked, it does not allege how much he was paid. "[A] plaintiff may establish a plausible claim by estimating the length of [his] average workweek during the applicable period ***and*** the average rate at which [he] was paid, the amount of overtime wages [he] believes [he] is owed, or any other facts that will permit the court to find plausibility." *Id.* (emphasis added).

## CONCLUSION

For the reasons explained above, Plaintiff's overtime claim as pleaded does not comply with Rule 8. Plaintiff may file a Second Amended Complaint on or before **April 19, 2022**. As he did in his amended complaint, Plaintiff should: set forth the complaint's allegations in separate

3

numbered paragraphs; set forth each claim in a separate numbered paragraph; and identify each factual allegation that supports each claim for relief. Additionally, Plaintiff is informed that the Court cannot refer to prior pleadings in order to make an amended complaint complete. The Second Amended Complaint must be complete in itself because it replaces the previously filed complaints. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, Plaintiff is warned that failure to comply with the Federal Rules of Civil Procedure, the Local Rules, or any court order could lead to his complaint being dismissed.

The Court encourages Plaintiff to seek free assistance from the Northern District's Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, CA 94102. Plaintiff should make an appointment by calling (415) 782-8982 or emailing fedpro@sfbar.org. The website for the Northern District of California also has information for litigants who are not represented by counsel.

**IT IS SO ORDERED.**

Dated: March 21, 2022

JACQUELINE SCOTT CORLEY
United States Magistrate Judge