United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN JEROME HARRIS,<br><br>Plaintiff,<br><br>v.<br><br>DOOR DASH, INC.,<br><br>Defendant. | Case No.  21-cv-09445-JSC<br><br>**ORDER REGARDING AMENDED COMPLAINT**<br><br>Re: Dkt. No. 13 |

The Court previously determined that Plaintiff's minimum wage claim satisfied 28 U.S.C. § 1915, but that his overtime claim as pleaded in the amended complaint did not.  (Dkt. No. 10.) The Court set a deadline of April 19, 2022 for Plaintiff to file a Second Amended Complaint adding factual allegations to his overtime claim.  (*Id.*)  Plaintiff did not do so.  (Dkt. No. 11.)  The Court extended the deadline to amend the complaint until June 3, 2022.  (*Id.*)  Plaintiff did not amend before that date.  On June 23, 2022, the Court ordered service of the amended complaint, but Plaintiff had not yet provided a summons to the Court.  (Dkt. No. 12.)  On July 6, 2022, Plaintiff submitted a "response" to the Court's earlier screening order that includes a second amended complaint ("SAC").  (Dkt. No. 13.)

## DISCUSSION

The Court will interpret Plaintiff's response as a request to file the SAC under Federal Rule of Civil Procedure 15(a)(2).  Because Plaintiff proceeds in forma pauperis, any amended complaint is subject to screening under 28 U.S.C. § 1915.

### I.    Request to File the SAC

Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  While Rule 15(a) is "very liberal," the "court need not grant

United States District Court
Northern District of California

leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Undue delay cannot alone justify the denial of a motion to amend. *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712–13 (9th Cir. 2001). The most important factor is prejudice to the opposing party. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330–31 (1971). A "determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

These factors favor granting Plaintiff's request.  Because service has not occurred, amending the complaint will not prejudice the opposing party.  There is no evidence that Plaintiff proceeds in bad faith.  This amendment will speed up proceedings by clarifying the factual basis underlying Plaintiff's claims.  And the amendment is not futile because it addresses the deficiencies the Court identified in its earlier screening order.  (Dkt. No. 10.)  Thus, the Court GRANTS Plaintiff's request to file the SAC.

## II.     Screening Under 28 U.S.C. § 1915

As discussed above, the Court previously determined that Plaintiff's minimum wage claim satisfied 28 U.S.C. § 1915, but that his overtime claim as pleaded in the amended complaint did not.  (Dkt. No. 10.)  The SAC restates the amended complaint's minimum wage claim and addresses the deficiency in the amended complaint as to the overtime claim.  Specifically, Plaintiff now explains both how many hours he worked and how much he was paid.  (Dkt. No. 13 at 3.)  Therefore, both the minimum wage claim and the overtime claims are sufficient under 28 U.S.C. § 1915.

## III.    Service

Plaintiff must file a summons with the Court that includes Defendant's address at which it can be sued.  That form is available at the following website: https://cand.uscourts.gov/wp-content/uploads/forms/civil-forms/AO_440.pdf

After Plaintiff files a summons, the Court will issue an order directing the Clerk of Court to issue the summons.  The Court will also direct that the U.S. Marshal or the Clerk's Office for

the Northern District of California serve, without pre-payment of fees, a copy of the complaint, any amendments, attachments, scheduling orders and other documents specified by the Clerk, Plaintiff's affidavit and this Court's orders upon Defendant.  **But that service cannot occur without a summons.**

The Court encourages Plaintiff to seek free assistance from the Northern District's Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, CA 94102. Plaintiff should make an appointment by calling (415) 782-8982 or emailing fedpro@sfbar.org. The website for the Northern District of California also has information for litigants who are not represented by counsel.

<b>CONCLUSION</b>

In sum, Plaintiff's request to file the SAC is GRANTED and the SAC satisfies 28 U.S.C. § 1915.  Plaintiff must file a summons with the Court for the case to proceed.  He shall do so on or before October 3, 2022.

**IT IS SO ORDERED.**

Dated: September 19, 2022

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California